UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-23590-Civ-COOKE/TORRES

PEDRO R. DE LA CRUZ, and all
others similarly situated under
29 U.S.C. 216(b),

    Plaintiffs,

vs.

SHOWCASE PROVISIONS, INC.
and MICHAEL FLORA,

    Defendants.
_____/

**DEFENDANTS' MOTION TO ENFORCE SETTLEMENT, OR, IN THE ALTERNATIVE, MOTION TO ALTER OR AMEND JUDGMENT**

Defendants, Showcase Provisions, Inc. ("Showcase") and Michael Flora ("Flora"), by and through undersigned counsel, move this Court to enforce the settlement agreed to by the parties in this action against Plaintiff, Pedro De La Cruz ("Plaintiff"), or, in the alternative, to alter and/or amend the judgment entered against Defendants to confirm to the settlement, and as grounds, state:

**I.   Introduction**

1.   For several weeks, the parties engaged in extensive settlement negotiations to resolve **all of** Plaintiff's claims against Defendants arising from his former employment with Showcase.  While Plaintiff initially brought wage claims under the Fair Labor Standard Act, 28 U.S.C. §§ 20-1216 ("FLSA"), Plaintiff also served a charge of discrimination with the intent to amend his complaint and pursue an age discrimination claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA").   After Plaintiff

1

received his "right to sue letter" allowing him to add ADEA claims, the parties engaged in negotiations to reach a global settlement. When those discussions appeared to reach an impasse, Defendants served a formal Offer of Judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, to settle all claims that were asserted and could have been asserted in this action.

2. In response, however, Plaintiff's counsel sought to take advantage and attempt to obtain from Defendants more money than was offered in the Offer of Judgment. Even after having been reminded of the clear intent of the parties throughout the negotiations in December, 2015 and the inclusive language of the Offer of Judgment itself, Plaintiff knowingly accepted the Offer of Judgment and then (within mere days) filed a separate lawsuit against Defendants asserting ADEA claims – as classic a "gotcha" situation.

3. It is now necessary that the Court exercise its retained jurisdiction to enforce the expressed terms of the Offer of Judgment, or, in the alternative, to amend or alter the Final Judgment to conform with those expressed terms of settlement so as to make crystal clear to Plaintiff that any and all of his alleged claims against Defendants which were raised or which could have been raised at the time of the Offer of Judgment have been resolved by and through his acceptance thereof. Such claims necessarily include his claims under the FLSA as well as those under the ADEA.

**II.    Procedural History**

4. On or about September 24, 2015, Plaintiff, Pedro De La Cruz ("Plaintiff"), filed the instant action against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA") demanding alleged unpaid overtime wages.

5. On October 28, 2015, Defendants filed their Answer and Affirmative Defenses denying Plaintiff's claims and asserting among its defenses that Plaintiff was, at all times material thereto, exempt from the overtime requirements of the FLSA.

### III. The Parties' Settlement Negotiations

Thereafter, solely in an attempt to minimize continued legal expenses and without any admission of liability, on November 16, 2015, the undersigned counsel reached out to Plaintiff's counsel to commence a settlement dialogue. In support of this Motion, Defendants submit the affidavits of Carrie Robinson, attached hereto as **Exhibit 1** ("Robinson Affidavit") and Ricardo Reyes, attached hereto as **Exhibit 2** ("Reyes Affidavit") to detail the settlement discussions between the parties.

6. After various attempts to schedule a call to discuss settlement, Defendants' first settlement offer was presented to Plaintiff, by and through counsel, on November 24, 2015 by telephone. (Robinson Affidavit ¶ 9.)

7. Thereafter, Defendants received no response. As a result, on November 30, 2015 and again in early December, 2015, the undersigned attempted to follow up with Plaintiff's counsel, but to no avail. (Robinson Affidavit ¶¶10-11.)

8. Finally, on December 7, 2015, counsel for the parties again discussed settlement, by telephone. During that call, Plaintiff's counsel advised Defendants' counsel – for the first time – that Plaintiff was in receipt of a Notice of Right to Sue from the EEOC related to his claims against Defendants for alleged violation of the Age Discrimination Employment Act ("ADEA"), and that Plaintiff intended to seek leave of Court to amend its current lawsuit to add his ADEA claims. Plaintiff's counsel further advised Defendants'

counsel that she would "get back to her" the following day with a counteroffer for a global settlement. (Robinson Affidavit ¶ 11.)

9. Following counsel's December 7th telephone conference, all settlement discussions related to a global settlement, including, without limitation, Plaintiff's pending FLSA claims and his anticipated ADEA claims. (Robinson Affidavit ¶ 32.)

10. On December 8, 2015, Defendants' counsel sent a reminder email to Plaintiff's counsel regarding her promise to "get back to me today regarding a counteroffer for a global settlement." (Robinson Affidavit ¶¶ 14-17, 32.)

11. In response to Plaintiff's counsel's December 10, 2015 email requesting that Defendants "reconsider the offer under the circumstances" of the addition of anticipated ADEA claims to the settlement discussions, on December 10, 2015, Defendants' counsel sent another settlement offer aimed at a global resolution of all of Mr. De La Cruz's possible claims against Defendants. Specifically, Defendants' counsel stated as follows:

> "I am authorized to offer a total payment to Mr. De La Cruz of $20,000 plus verifiable attorneys' fees and costs incurred to date in exchange for a dismissal of the lawsuit, with prejudice, and a full, general release in favor of Defendants, including, without limitation, a release of any and all ADEA claims."

(Robinson Affidavit ¶¶ 13-14.)

12. On December 21, 2015, counsel for Plaintiff finally responded to the many follow up emails regarding Defendants' global settlement offer, and rejected the same. ("Robinson Affidavit ¶ 16.)

13. The following day, Plaintiff's counsel – for the first time – presented a counteroffer of $100,000 for a global resolution of all of Mr. De La Cruz's claims against the Defendants by telephone. (Robinson Affidavit ¶ 17.)

      **A.**    **Defendants' Offer of Judgment In Furtherance of the Settlement Negotiations**

14. In response, on January 15, 2016, Defendants served their formal Offer of Judgment on Plaintiff. (Robinson Affidavit ¶ 21.) In keeping with the parties' continued discussions regarding a global settlement of Mr. De La Cruz's claims against them, Defendants offered the following:

> Defendants will pay Plaintiff, Pedro De La Cruz ("Plaintiff"), Thirty Thousand Dollars and 00 Cents ($30,000.00) in settlement of all claims that Plaintiff raised *or could have raised* in this action, including, without limitation, a claim for reasonable attorneys' fees and costs.

(Robinson Affidavit ¶¶ 22-23.)

15. To that end, on January 19, 2016, Defendants' counsel confirmed, by email correspondence, that Defendants' Offer of Judgment was merely a formal continuation of the parties' settlement discussions – which had been global in nature – and stated:

> The Offer of Judgment was simply a formal means of *reiterating* Defendants' hope to resolve this case amicably
>
> …
>
> I look forward to your response to Defendants' Offer of Judgment and *hope that it brings an end to the litigation altogether.*

(Robinson Affidavit ¶ 25.)

16. In response, however, Plaintiff's counsel verbally counteroffered Defendants' global settlement offer of $30,000 seeking $50,000 instead. (Robinson Affidavit ¶ 28.) Further, Plaintiff's counsel informed Defendants' counsel that should Plaintiff's counteroffer be rejected, Plaintiff would proceed to accept Defendants' Offer of Judgment but would disavow the parties' history of global settlement discussions and would claim that that the

now irrevocable Offer of Judgment applied exclusively to Plaintiff's pending FLSA claims. (Reyes Affidavit ¶ 11.)

17. On January 27, 2016, Defendants counsel, verbally and by email, reminded Plaintiff's counsel that the Offer of Judgment included, not only Plaintiff's pending FLSA claims, but any claims that Plaintiff could have raised in this lawsuit, which necessarily includes Plaintiff's claims under the ADEA for which Plaintiff had long had the right to sue and which Defendants' counsel had been advised would be asserted in this action by way of amendment. (Reyes Affidavit ¶¶ 11-13.)

18. Notwithstanding, on January 28, 2016, Plaintiff filed its Plaintiff's Notice of Acceptance of Offer of Judgment (ECF No. 26), after having emailed Defendants' counsel that it intended to limit the same to Plaintiff's pending FLSA claims only. (Reyes Affidavit ¶¶ 14-16.)

**B.    The Court's Entry of Final Judgment Pursuant to the Terms of the Offer of Judgment**

19. On January 29, 2016, this Court (ECF No. 27) entered its Order accepting Defendants' Offer of Judgment, entering judgment in favor of Plaintiff and against Defendants pursuant to the terms of Defendants' Offer of Judgment, and retaining jurisdiction to enforce compliance with Defendant's Offer of Judgment and to determine any attorney's fees and costs owed to Plaintiff.

20. Immediately thereafter, on January 29, 2016, this Court entered its Final Judgment (ECF No. 28) in favor of Plaintiff and against Defendants pursuant to the terms of Defendants' Offer of Judgment.

21.     In direct contravention of the parties' ongoing negotiations and agreement to a global settlement of all of Plaintiff's claims against Defendants, Plaintiff has now filed a separate lawsuit seeking damages against Defendants for alleged violations of the ADEA.

22.     As a result, Defendants are now required to seek the Court's intervention to enforce the terms of the Offer of Judgment, including the release of ***all claims which Plaintiff raised or could have raised*** in the lawsuit as of the date of the Offer of Judgment, which includes, without limitation, claims under the FLSA <u>and</u> ADEA.

23.     In the alternative, Defendants seek to alter or amend the Final Judgment to make clear that the terms of the Offer of Judgment, which were accepted by the Court, include the dismissal of the instant action, with prejudice, and the release of all claims which Plaintiff could have raised against Defendants in the instant action as of the date of the Offer of Judgment, including, without limitation, Plaintiff's claims under the ADEA.

24.     To permit Plaintiff to accept Defendants' Offer of Judgment while simultaneously altering the expressed and understood terms of the same would thwart the very purpose of Federal Rule 68.

**IV.     Memorandum of Law**

In the case at hand, it is undisputed that the Offer of Judgment was intended to, and did, include an agreement to resolve ***all claims that Plaintiff raised or could have raised*** in the instant action as of the time of the Offer of Judgment. It is also undisputed that Plaintiff raised claims against Defendants until the FLSA in this lawsuit.

Further, it is undisputable that, at the time of the Offer of Judgment, Plaintiff could have raised his alleged ADEA claims against the Defendants in this lawsuit. In fact, on December 7, 2015 – more than a month before the Offer of Judgment was served – Plaintiff's

counsel advised Defendants' counsel that Plaintiff had received a Notice of Right to Sue from the EEOC related to his ADEA claims and intended to seek leave to amend its Complaint in this action to include such claims.  Thus, Plaintiff's ADEA claims were ripe and could have been raised in the lawsuit as of the date of the Offer of Judgment.

Moreover, it is also undisputable that Plaintiff's counsel was reminded that the Offer of Judgment was intended to, and did, include an agreement to resolve all claims that Plaintiff raised or could have raised, including, without limitation Plaintiff's FLSA and ADEA claims, and accepted the Offer of Judgment *after* having been so informed.  In light of the foregoing, it is wholly disingenuous for Plaintiff now to claim not to have resolved his ADEA claims by and through his acceptance of the Offer of Judgment.  Nevertheless, Plaintiff has taken such an indefensible position here.

In addition to being contrary to the actual terms of the Offer of Judgment, Plaintiff's self-serving argument that the Offer of Judgment did not include or resolve his ADEA claims simply runs afoul of common sense.  As detailed in the Affidavits of Defendants' counsel filed contemporaneously herewith, since being advised by Plaintiff's counsel as to Plaintiff's receipt of a Notice of Right To Sue from the EEOC and intention to amend the lawsuit, the parties have continuously discussed a global settlement of all of Plaintiff's claims against Defendants. In fact, Defendants' December 10, 2015 settlement offer expressly offered a total payment to Plaintiff of $20,000 plus verifiable attorneys' fees and costs in exchange for dismissal of the lawsuit, with prejudice, and a full, general release in favor of Defendants, including, without limitation, a release of any ADEA claims.  In keeping with the same, Defendants' $30,000 Offer of Judgment – contemporaneously described by Defendants' counsel as a reiteration of Defendants' settlement efforts to resolve litigation altogether – expressly provided that

acceptance of the same would resolve all claims raised or which could have been raised which phrase was intended to include Plaintiff's ADEA claims. If Plaintiff's claims were to be believed, then Defendants would have offered *more* money to settle *less* claims by and through its Offer of Judgment. Such an interpretation simply belies common sense.

In an attempt to excuse its subterfuge, Plaintiff claims that the Court's decision in *McCorvey v. Baxter Healthcare Corp. and C.R. Bard*, U.S.D.C. S.D. Fla. Case No. 1:99-cv-01250-FAM, supports its ability to accept the Offer of Judgment and still pursue its ADEA claims which were ripe and actionable at the time the Offer of Judgment was served. A true and correct copy of the Court's Order Granting Final Judgement Against Defendant C.R. Bard Only (ECR No. 170) dated May 20, 2013 is attached hereto as **Exhibit 3**. Plaintiff's reliance on *McCorvey*, however, is mistaken. First, the *McCorvey* case involved products liability claims against the manufacturer (C.R. Bard) and distributor (Baxter) of a catheter alleged to have been defective. It was not an action brought under the FLSA, the ADEA, or any other employment-related authority.

Second, the issue relative to the offer of judgement in *McCorvey* was not whether the expressed language releasing other ripe claims did, in fact, bar Plaintiff's then-actionable ADEA claims. Rather, the issue in *McCorvey* was whether another defendant who was not a party to an offer of judgment could benefit therefrom. Specifically, the defendant/manufacturer issued an offer of judgment to the plaintiff to resolve the claims between them, and plaintiff accepted. Thereafter, the defendant sought to avoid the offer because plaintiff continued to pursue claims against another named defendant, the distributor, who was represented by separate counsel and was not a party to the offer of judgment. This is clearly not the case at bar. More troubling, however, is that Plaintiff's counsel – as counsel of record

for the plaintiff in *McCorvey* – was well-aware that the *McCorvey* decision did not support Plaintiff's trickery in this action yet proceeded in such a manner nevertheless.

As a result of Plaintiff's repudiation of the terms of the Offer of Judgment, it is now necessary that the terms of the Offer of Judgment be enforced or, in the alternative, that the Final Judgment entered by this Court be amended or altered to state, unequivocally, that the terms of the Offer of Judgment included the resolution and/or release of any and all claims raised by Plaintiff against Defendant, or which could have been raised by Plaintiff against Defendants, including, without limitation, claims under the ADEA.

In its Order, this Court expressly reserved jurisdiction to enforce the terms of the Offer of Judgment. (ECF No. 27)  Nevertheless, this Court is also vested with the necessary discretion to amend or alter the Final Judgment. *See, e.g., Goldring v. Lamdin,* 804-CV-2798-T-30MAP, 2006 WL 5669878, at *1 (M.D. Fla. 2006).  Further, the exercise of such discretion to amend or alter the Final Judgment is appropriate to, among other things, correct a clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla.1994).

Here, manifest injustice would be prevented by amending the Final Judgment to conform to the actual terms of the Offer of Judgment, which was knowingly accepted by Plaintiff. *See, e.g., Willie v. Continental Oil Co.,* 746 F.2d 1041 (5th Cir. 1984) (amending a judgment to conform to the pre-trial stipulation of the parties related to the apportionment of damages between two co-defendants); *Bauman v. Choctaw-Chickasaw Nations,* 333 F.2d 785, 789-90 (10th Cir. 1964) (amending a judgment to conform to the terms of the parties' agreement as set forth in a stipulation); and *Trustees of the Central States, Southeast & Southwest Areas Pension Fund v. Golden Nugget, Inc.,* 697 F.Supp. 1538, 1546-47 (C.D. Cal. 1998) (finding

that the Court possesses the power under Rule 59(e) to amend a judgment entered on a verdict in order to conform the judgment to the perceived true intent of the jury, in conjunction with a stipulation).

Accordingly, it is clear that the interests of justice would best be served if the terms of the Offer of Judgment were enforced and/or the Final Judgment was amended to conform to the terms of the Offer of Judgment, in their entirety.  Those terms include the settlement of all claims that Plaintiff raised or could have raised in this action, including, without limitation, a claim for reasonable attorneys' fees and costs, claims under the FLSA, and claims under the ADEA.  To do otherwise would be to ignore the intention of the parties throughout the settlement negotiations and to subject Defendants to additional litigation – the value of which Defendants included in its decision to offer $30,000 by and through their Offer of Judgment.  Plaintiff would have this Court force Defendants to pay the entire $30,000 to Plaintiff without receiving the full benefit thereof.  Such a result is clearly manifest injustice for which amendment or alteration of the Final Judgement is necessary and proper.

WHEREFORE, Defendants, Showcase Provisions, Inc. and Michael Flora, move this Court for entry of an Order enforcing the terms of the Offer of Judgment, as requested herein, or, in the alternative, to alter or amend the Final Judgment to reflect the full scope of the terms of the Offer of Judgment, together with such other and further relief as this Court deems just and proper.

WE HEREBY CERTIFY that on February 16, 2016, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to J.H. Zidell, Esq. and Elizabeth Hueber, Esq., J.H. Zidell, P.A., Attorney

for Plaintiffs, 300 71st St., Suite 605, Miami Beach, Florida 33141; email: zabogado@aol.com and elizabeth.hueber.esq@gmail.com.

                                      Respectfully submitted,

                                      <u>s/Carrie Stolzer Robinson</u>
                                      Ricardo A. Reyes, FBN 864056
                                      Carrie Stolzer Robinson, FBN 034030
                                      TOBIN & REYES, P.A.
                                      Attorneys for Defendants
                                      Mizner Park Office Tower
                                      225 N. E. Mizner Blvd., Suite 510
                                      Boca Raton, FL 33432
                                      Phone: (561) 620-0656
                                      Fax:   (561) 620-0657
                                      eservice@tobinreyes.com
                                      rar@tobinreyes.com
                                      csrobinson@tobinreyes.com

S:\A C\Litigation\Showcase\m-enforce or alter judgment.docx