UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-23590-Civ-COOKE/TORRES

PEDRO R. DE LA CRUZ, and all
others similarly situated under
29 U.S.C. 216(b),

Plaintiffs,

vs.

SHOWCASE PROVISIONS, INC.
and MICHAEL FLORA,

Defendants.
_______________________________/

**DEFENDANTS' AMENDED REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT, OR, IN THE ALTERNATIVE, MOTION TO ALTER OR AMEND JUDGMENT**

Defendants, Showcase Provisions, Inc. ("Showcase") and Michael Flora ("Flora" and collectively with Showcase, "Defendants"), by and through undersigned counsel, hereby file the instant reply in support of Defendants' Motion to Enforce Settlement, Or, In the Alternative, Motion to Alter or Amend Judgment ("Motion") [ECF No. 29], and state:

1. On February 16, 2016, Defendants filed their Motion [ECF No. 29] seeking therein for the Court to exercise its retained jurisdiction to enforce the expressed terms of the Offer of Judgment, or, in the alternative, to amend or alter the Final Judgment to conform with those expressed terms of settlement so as to make crystal clear to Plaintiff that any and all of his alleged claims against Defendants which were raised or which could have been raised at the time of the Offer of Judgment have been resolved by and through his acceptance thereof. Such claims necessarily include his claims under the FLSA as well as those under the ADEA.

2. In support of the Motion, Defendants offered the sworn affidavits (collectively, the "Affidavits") of Defendants' counsel, Carrie Stolzer Robinson and Ricardo Reyes [ECF No. 29-1 and 29-2]. By and through the Affidavits, Defendants made clear that the Offer of Judgment served by Defendants was intended to settle all claims that were asserted and could have been asserted in this action.

3. In response to the Motion, Plaintiff, Pedro De La Cruz ("Plaintiff"), filed Plaintiff's Response in Opposition to Defendants' Motion to Enforce Settlement, Or, In the Alternative, Motion to Alter or Amend Judgment [ECF No. 30] (the "Response").

4. However, Plaintiff fails to set forth *any* sworn testimony or otherwise refute the Affidavits in the Response.

5. Thus, the Affidavits submitted in support of the Motion are uncontroverted.

6. Further, the exhibits attached to Plaintiff's Response only confirm the averments in the Motion and the Affidavits that Plaintiff's counsel knew, *before Plaintiff formally accepted the Offer of Judgment*,[1] that Defendants intended the same to resolve both the FLSA and ADEA claims and accepted the same nonetheless. Plaintiff's attempt to qualify its acceptance also confirms Defendants' Motion and the Affidavits that Plaintiff, knowing the Offer of Judgment to be irrevocable, attempted to take advantage and attempt to obtain from Defendants more money than was offered in the Offer of Judgment. Such conduct cannot be rewarded.

---

[1] The exhibits to the Response show as follows: Defendants' counsel confirms that the Offer of Judgment resolves all claims, not just FLSA by email dated January 27, 2016 at 5:39 pm. At 6:35 pm – nearly an hour after Defendants' confirmation email and after telephone conversations with Defendants' counsel wherein additional confirmation as to the comprehensive terms of the Offer of Judgment was provided – Plaintiff purports to submit his acceptance of the Offer of Judgment but qualify the same in a manner inconsistent with the stated intention of the Defendants and the terms of the Offer of Judgment itself.

7. In his Response, Plaintiff also suggests (incorrectly) that his ADEA claims could not have been raised in the instant action. In purported support, Plaintiff states that he had not yet received a Notice of Right to Sue from the EEOC related to his ADEA claims at the time the action was originally filed. Further, Plaintiff states that at the time of the Offer of Judgment, the Court's deadline to amend pleadings had already passed. Notably absent from the Response, however, is any acknowledgement that that he was in receipt of the EEOC Notice[2] ***prior*** to the expiration of the amendment deadline. It remains that Plaintiff's ADEA claims ***could have been raised*** in this action as they were ripe for filing prior to the amendment deadline and prior to the date of the Offer of Judgment.

8. Also, the addition of Plaintiff's ADEA claims could have been permitted in this action as they relate to (and allegedly arose during) the very same employment as did his FLSA claims. Thus, Plaintiff's unsubstantiated claim in the Response that Plaintiff's ADEA claims are "completely different from the FLSA wage claim (involves different legal elements, facts etc.)" are without merit. Plaintiff has provided this Court with no authority which proscribes that all claims brought within a single lawsuit involve the same legal elements and facts – no such authority exists. In fact, Federal Rule 15 permits the amendment of pleadings without such limitation nand Subsection (d) permits a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened ***after*** the date of the pleading to be supplemented. Fed.R.Civ.P. 15(d) (2015).

---

[2] Plaintiff attached a copy of the Notice of Right to Sue to his Complaint in his related (albeit improper) ADEA action styled, *Pedro De La Cruz v. Showcase Provisions, Inc. and Michael Flora*, U.S.D.C. M.D. Fla. Case No. 1:16-cv-20436. (Related Action, ECF No. 1-1.) The Notice is dated November 24, 2015 – which indisputably predates the Court's deadline to amend pleadings in this action (ECF No. 16).

9. It should also be noted that Plaintiff's counsel, Elizabeth Hueber, expressly told Defendants counsel that "Plaintiff intended to seek leave of Court to amend its current lawsuit to add his ADEA claims" as set forth in the sworn Robinson Affidavit (ECF No. 29-1 at ¶11) which Affidavit remains uncontroverted.

10. In light of the foregoing, Plaintiff's attempts to disavow the clear fact that his ADEA claims could have been raised in this action as of the date of the Offer of Judgment should be disregarded.

11. Notwithstanding the Response, it remains that this Court expressly reserved jurisdiction to enforce the terms of the Offer of Judgment. (ECF No. 27) and is also vested with the necessary discretion to amend or alter the Final Judgment. *See, e.g., Goldring v. Lamdin,* 804-CV-2798-T-30MAP, 2006 WL 5669878, at *1 (M.D. Fla. 2006). The exercise of such discretion to amend or alter the Final Judgment is appropriate to, among other things, correct a clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla.1994).

12. As set forth more fully in the Motion, manifest injustice would be prevented in this action by amending the Final Judgment to conform to the actual terms of the Offer of Judgment, which was knowingly accepted by Plaintiff. *See, e.g., Willie v. Continental Oil Co.*, 746 F.2d 1041 (5th Cir. 1984) (amending a judgment to conform to the pre-trial stipulation of the parties related to the apportionment of damages between two co-defendants); *Bauman v. Choctaw-Chickasaw Nations*, 333 F.2d 785, 789-90 (10th Cir. 1964) (amending a judgment to conform to the terms of the parties' agreement as set forth in a stipulation); and *Trustees of the Central States, Southeast & Southwest Areas Pension Fund v. Golden Nugget, Inc.*, 697 F.Supp. 1538, 1546-47 (C.D. Cal. 1998) (finding that the Court possesses the power under Rule 59(e) to

amend a judgment entered on a verdict in order to conform the judgment to the perceived true intent of the jury, in conjunction with a stipulation).

13. Thus, as a result of Plaintiff's repudiation of the terms of the Offer of Judgment *and* his failure to refute the Affidavits, it is clear that the Motion should be granted and the terms of the Offer of Judgment be enforced or, in the alternative, that the Final Judgment entered by this Court be amended or altered to state, unequivocally, that the terms of the Offer of Judgment included the resolution and/or release of any and all claims raised by Plaintiff against Defendant, or which could have been raised by Plaintiff against Defendants, including, without limitation, claims under the ADEA.

WE HEREBY CERTIFY that on March 8, 2016, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to J.H. Zidell, Esq. and Elizabeth Hueber, Esq., J.H. Zidell, P.A., Attorney for Plaintiffs, 300 71st St., Suite 605, Miami Beach, Florida 33141; email: zabogado@aol.com and elizabeth.hueber.esq@gmail.com.

Respectfully submitted,

s/Carrie Stolzer Robinson
Ricardo A. Reyes, FBN 864056
Carrie Stolzer Robinson, FBN 034030
TOBIN & REYES, P.A.
Attorneys for Defendants
Mizner Park Office Tower
225 N. E. Mizner Blvd., Suite 510
Boca Raton, FL 33432
Phone: (561) 620-0656
Fax: (561) 620-0657
eservice@tobinreyes.com
rar@tobinreyes.com
csrobinson@tobinreyes.com